In November of 1988, appellant, Timothy Sonner, purchased a motor home manufactured by appellee, Ford Motor Company. Over the course of the next two years, the motor home experienced engine problems. Warranty work was performed to fix the problems. In 1994, the engine failed. The motor home was towed to appellee, Mullinax Ford North Canton, Inc., for inspection. Appellee Ford Motor refused any more warranty work. Appellant opted for a remanufactured engine. This engine was obtained from appellee, RMP Company, and had a twenty-four month/twenty-four thousand mile warranty. The engine work was completed by March 13, 1995. In April of 1996, appellant went to appellee Mullinax to pick up the motor home whereupon it was discovered that the motor home had been vandalized and damaged. After negotiations were had as to who had responsibility for the repairs and after the repairs were made, appellant took possession of the motor home in March of 1997. After three weeks, the engine failed again. On June 19, 1998, appellant filed a complaint against appellees alleging various claims including negligence, breach of warranties, and violations of the Ohio Lemon Law and the Ohio Consumer Sales Practices Act. On July 20, 1999, appellee RMP filed a motion for summary judgment. On July 29, 1999, appellee Mullinax filed its motion for summary judgment. Appellee Ford Motor filed its motion for summary judgment on August 13, 1999. By judgment entry filed August 25, 1999, the trial court granted the motions filed by appellees RMP and Mullinax. The trial court granted appellee Ford Motor's motion on August 27, 1999. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO DEFENDANTS.
 I
Appellant claims the trial court erred in dismissing his causes of action and granting summary judgment to appellees. We disagree. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In his complaint, appellant set forth causes of action for negligence, breach of express and implied warranties, violations of the Ohio Consumer Sales Practices Act, and violations of the Ohio Lemon Law. EXPRESS WARRANTIES There is some disagreement as to whether the express warranty on the remanufactured engine was for one or two years. Sonner depo. at 36. We find, in accepting the facts most favorable for the nonmoving party, a two year warranty is assumed. The remanufactured engine was installed and work was completed by March 13, 1995. The engine failure occurred in April of 1997. R.C. 1302.98 provides that an action for breach of a sales contract i.e., express warranties, may be reduced by the parties' agreement, and further defines the accrual of a cause of action:
 (B) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.
 As discussed by our brethren from the Twelfth District in Allis-Chalmers Credit Corp. v. Herbolt (1984), 17 Ohio App.3d 230, 234, n. 7, respectively, "tender" is a term of art:
 `Tender,' as used in the statute of limitations relating to an action for breach of a contract for the sale of goods, refers to an offer as if in fulfillment of contractual obligations even though a defect in the goods may exist when measured against the contract.
 Note 7. Official Comment 1 to U.C.C. 2-503 (R.C. 1302.47) provides, in part:
 `* * * The term "tender" is used in this Chapter in two different senses. In one sense it refers to "due tender" which contemplates an offer coupled with a present ability to fulfill all the conditions resting on the tendering party and must be followed by actual performance if the other party shows himself ready to proceed. Unless the context unmistakably indicates otherwise this is the meaning of "tender" in this Chapter and the occasional addition of the word "due" is only for clarity and emphasis. At other times it is used to refer to an offer of goods or documents under a contract as if in fulfillment of its conditions even though there is a defect when measured against the contract obligation * * *.'
(Emphasis added.)
We conclude "tender" was the date on which the engine repair was completed, March 13, 1995. This "tender date" was not extended by appellee's failure to pick up the motor home or the bailment case against appellee Mullinax. The engine failure occurred in April of 1997, after the two year warranty had expired. Appellant admits in his deposition that he purchased the motor home in 1988 and appellee Ford Motor warranted the engine for two years. Sonner depo. at 6, 8-9. In fact, appellee Ford Motor did warranty work on the engine up to 1990. Id. at 13. The engine trouble experienced in 1995 was six years after the sale and the motor home had 46,000 miles on it. Id. at 15. Clearly any express warranties resulting from the original sale had expired. IMPLIED WARRANTIES/NEGLIGENCE/CONSUMER SALES PRACTICES ACT In its judgment entries filed August 25 and 27, 1999, the trial court concluded that no evidence was produced by appellant to substantiate negligence, breach of implied warranties and a violation of the Consumer Sales Practices Act. Although appellant made these claims, he did not substantiate these claims with any evidence other than his own affidavit which included the following statement:
 I have had extensive experience with engines. In high school I took courses in auto mechanics. While working for my father, I repaired and serviced his fleet of trucks. In addition, I have rebuilt motorcycle engines a number of times. My experience leads me to conclude that the loud knocking I heard from the engine, the white smoke from the tailpipe, the metal shavings in the oil pan and the milky white color of the oil which indicates that water and oil were mixed internally, were a result of the internal components of the engine malfunctioning.
Sonner aff. attached to Plaintiff's Memorandum in Opposition filed August 20, 1999 at paragraph 8.
Further, in appellant's own deposition at 20, he described the breakdown as follows:
 A. * * * I mean I was going uphill, started just like knocking a little bit, I noticed the white smoke, started to pull over, going upgrade, I had to keep going because I couldn't get over, by the time I got to the side of the road, it had, the engine had went.
Thereafter, appellant testified to the following, contra to his later affidavit:
Q. Did you open up the hood and look at the engine?
A. There was no need to. I heard that sound before.
 * * * Q. On those occasions when there wasn't an engine fire, did you open up the hood and look at the engine?
 A. Yeah. But not being a mechanic, you hear a bunch of loud clanking, you got to say there's something internal, you close the hood and you got to call the tow truck.
 * * *
Q. Did he say where the shavings came from?
 A. Without tearing it apart, he couldn't give me any better answers. All he did was remove the oil pan, show me the stuff that was in the oil pan, there was an excessive amount of metal in the oil pan. You know, the guy took a magnet, run it around through the oil and, you know, showed it to me. You know, I got to take their word for it. Like I said, I'm not a mechanic, I've heard the sound before. I'm taking them at their word. They're the Ford dealer. Sonner depo. at 20-22.
Based upon appellant's failure to produce evidence of the reason for the latest breakdown or to point to any fact bearing on negligence, we conclude the trial court did not err in dismissing these claims under the standard as set forth in Dresher v. Burt (1995), 75 Ohio St.3d 280, 293: Accordingly, we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Upon review, we find the trial court did not err in dismissing appellant's causes of action and granting summary judgment to appellees. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
WISE, J. and EDWARDS, J. CONCUR.